# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:26-cv-00128-FDW

| | | |
|---|---|---|
| JOSEPH WAYNE RIDDLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| | ) | |
| MARTIN EKIM MOORE, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Complaint [Doc. 1], brought pursuant to 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 6].

## I.  BACKGROUND

On May 7, 2026, pro se Plaintiff Joseph Wayne Riddle ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 against Defendants Martin Ekim Moore, identified as Plaintiff's appellate attorney, and Glenn Gerding, identified as the Appellate Defender. [Doc. 1].

Plaintiff alleges as follows. Defendant Gerding, as Appellate Defender, appointed Defendant Moore to represent Plaintiff on his state criminal appeal on February 3, 2025. [Id. at 4]. Defendant Moore, however, would never talk to the Plaintiff, missed deadlines related to Plaintiff's appeal, and allowed Plaintiff's appeal "to go dead." [Id. at 5]. Defendant Moore persisted in trying to get Plaintiff to drop his appeal, despite Plaintiff's refusal. [Id.]. Plaintiff reached out to Defendant Gerding, Defendant Moore's boss, and told Gerding what was happening. [Id.]. The "appellate office," however, failed to ensure Defendant Moore did his job correctly. [Id.]. Plaintiff purports to sue Defendants in their individual and official capacities. [Id.

at 2].

Plaintiff purports to state claims for violation of his rights under the First, Sixth, and Fourteenth Amendments.[1]  [Id. at 3].  Plaintiff alleges having suffered various mental health issues as a result of Defendants' alleged conduct.  [Id. at 5].  Plaintiff seeks injunctive and monetary relief.  [Id.].

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.   DISCUSSION

---

[1] The Court will address only those claims fairly raised by Plaintiff's Complaint.

Plaintiff's Complaint fails initial review for several reasons.

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

To establish liability under 42 U.S.C. § 1983, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of [his] rights." Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) (cleaned up); see Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). Mere knowledge of a deprivation is insufficient. Williamson, 912 F.3d at 171. As such, the doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). While personal involvement is required, it need not be "hands-on." Riddick v. Barber, 109 F.4th 649 (4th Cir. 2024). "Instead, the 'requisite causal connection' between defendant and violation can be established if the defendant 'set[s] in motion a series of acts by others which the actor[ ] know[s] or reasonably should know would cause others to inflict the constitutional injury.'" Id. at 649-50 (citing Amisi v. Brooks, 93 F.4th 659, 670 (4th Cir. 2024) (internal quotation marks omitted) (establishing liability for a person who "subjects, or causes to be subjected," another person to a deprivation of constitutional rights)).

Court-appointed attorneys do not act under color of state law and are therefore not subject to suit under § 1983. Pucket v. Carter, 454 F.Supp.2d 448, 451 (M.D.N.C. Sept. 26, 2006) (citing Hall v. Quillen, 631 F.2d 1154, 1156 (4th Cir. 1980)); Camacho v. Hughes, No. 3:17-cv-00613-FDW, 2018 WL 2452182, at *4 (W.D.N.C. May 31, 2028) ("As appellate public defenders,

3

Defendants Hughes and Gerding do not operate under the color of state law and, therefore, are not subject to suit under § 1983.").  As such, Plaintiff has failed to state a claim against Defendant Moore under § 1983.  Moreover, Defendant Gerding cannot be liable under § 1983 for his role in appointing or failing to monitor Defendant Moore in the first instance where Moore is not so liable or where Gerding was not acting under color of state law in any event.  Furthermore, to the extent Plaintiff purports to state a claim against Defendant Gerding based on his supervisory role over Defendant Moore, Plaintiff has also failed. The Court, therefore, will dismiss the Defendants for Plaintiff's failure to state a claim for relief against him.

Because Plaintiff has failed to state a claim for relief, Plaintiff's Complaint fails initial review, and the Court will dismiss it without prejudice.   The Court, however, will allow Plaintiff to amend his Complaint to state a claim for relief.  To the extent Plaintiff believes he may have a state law claim based on legal malpractice, this Court is without jurisdiction over such claim.

## IV.     CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice.  The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order.  Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint.  Piecemeal amendment will not be permitted.  Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint fails initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall

be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendants Moore and Gerding are hereby **DISMISSED** as Defendants in this matter.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: May 18, 2026

Frank D. Whitney
Senior United States District Judge

5