# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:26-cv-00128-FDW

| | | |
|---|---|---|
| JOSEPH WAYNE RIDDLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| | ) | **ON INITIAL REVIEW** |
| MARTIN EKIM MOORE, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Amended Complaint [Doc. 9], brought pursuant to 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 6].

## I.        BACKGROUND

On May 7, 2026, pro se Plaintiff Joseph Wayne Riddle ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 against Defendants Martin Ekim Moore, identified as Plaintiff's appellate attorney, and Glenn Gerding, identified as the Appellate Defender.  [Doc. 1].  Plaintiff alleged as follows.  Defendant Gerding, as Appellate Defender, appointed Defendant Moore to represent Plaintiff on his state criminal appeal on February 3, 2025.  [Id. at 4].  Defendant Moore, however, would never talk to the Plaintiff, missed deadlines related to Plaintiff's appeal, allowed Plaintiff's appeal "to go dead," and persisted in trying to get Plaintiff to drop his appeal, despite Plaintiff's refusal.  [Id. at 5].  Plaintiff reached out to Defendant Gerding, Defendant Moore's boss, and told Gerding what was happening, but the "appellate office" failed to ensure Defendant Moore did his job correctly.  [Id.].  Plaintiff's Complaint failed initial review for Plaintiff's failure to state a claim for relief under § 1983.  [Doc. 7].  The Court noted that court-appointed attorneys do not

act under color of state law and are, therefore, not subject to suit under § 1983 and found that Plaintiff otherwise failed state a claim against Defendant Gerding. [Id. at 3-4]. The Court, however, allowed Plaintiff 30 days to file an amended Complaint to properly state a claim for relief. [Id. at 4-5].

Plaintiff's Amended Complaint is now before the Court on initial review. [Doc. 9]. Plaintiff names Moore and Gerding as Defendants. Plaintiff again complains about the manner in which Defendant Moore handled his appeal and implicates Defendant Gerding in his supervisory role as the Appellate Defender. [Id. at 2-14].

Plaintiff purports to state due process and equal protection claims under § 1983, a claim for legal malpractice, and a claim based on the State's "failure to protect." [Id. at 1, 12-13]. Plaintiff also alleges that Defendant Moore violated "Rules of Professional Responsibility" and provided ineffective assistance of counsel. [See id. at 11]. Plaintiff alleges having suffered various mental health issues, a "prolonged stay" at one of the deadliest institutions in North Carolina, and lost wages as a result of Defendants' alleged conduct. [Id. at 12]. Plaintiff seeks injunctive and monetary relief. [Id. at 12, 14-15].

## II.   STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary

relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

Plaintiff's Amended Complaint fails to state a claim under § 1983 for the same reasons as his original Complaint and the Court declines to reiterate them here. [See Doc. 7 at 3-4]. Also, violations of rules of professional conduct do not, by themselves, state a cause of action. Furthermore, to the extent Plaintiff seeks relief under North Carolina law, the Court declines to exercise supplemental jurisdiction, as no federal claim has passed initial review. See Artis v. Dist. of Columbia, 583 U.S. 71, 74 (2018) (when a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] as well all related state claims."); 28 U.S.C. § 1367(c)(3). Accordingly, any such claims are dismissed without prejudice to pursuing them in state court. Additionally, to the extent Plaintiff purports to seek relief in his

3

state criminal proceedings pursuant to 28 U.S.C. § 2254 based on claims of ineffective assistance of appellate counsel, Plaintiff must do so in a separate proceedings brought under that provision.

Because Plaintiff has failed to state any claim for relief in his Amended Complaint and additional opportunity to amend would be futile, the Court will dismiss this action with prejudice, except for Plaintiff's state law claims, which the Court will dismiss without prejudice. See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss Plaintiff's Amended Complaint as further set forth in this Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 8] is **DISMISSED WITH PREJUDICE** for Plaintiff's failure to state a claim for relief, except for Plaintiff's state law claims, which are **DIMISSED WITHOUT PREJUDICE** to Plaintiff raising in state court.

The Clerk is instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: June 9, 2026

Frank D. Whitney
Senior United States District Judge

4